Next case on our call this morning is agenda number 15, number 105131. People ex rel Lisa Madigan, Attorney General of the State of Illinois v. Illinois Commerce Commission. Ms. Potts, you may proceed. Good morning, Your Honors. May it please the Court, Diane Potts, Assistant Attorney General, on behalf of the people of the State of Illinois. Counsel, Your Honors, the ability to create, transmit, and store legal documents electronically has created virtual courthouses throughout the nation. Under this Court's e-business initiative, it's the expectation and goal of creating virtual courthouses throughout the nation. It's the expectation of the courts here in Illinois to be part of a uniform system for electronic filing in the next few years. The sweeping movement away from paper toward electronic management of legal documents highlights the importance of this issue at the heart of this case. Does a jurisdictionally required re-hearing application filed electronically at 5.34 p.m. have the same four-week duration as a re-hearing application? The people ask this Court to hold that it does, and reverse the appellate court's decision dismissing the people's appeal. Reversal is also justified on an alternate and completely independent ground that the people's application for re-hearing was undisputedly filed within 30 days of service on a commission's corrected order. Your Honor, the appellate court, although both grounds were presented to it, chose to address the e-filing issue and found that the people's application for re-hearing was untimely under the commission's rules. That's the reason why, and it expressed no opinion whatsoever on the effect of the commission's service of that corrected order. But if we find that it was, that it's the corrected order, that it runs from that, then we don't get to the other issues. Isn't that correct? Exactly, Your Honor. There are two independent grounds. Reversal is justified under either of those grounds. Ms. Potts, do you really want to win on that issue? I mean, any non-substantive change in an order corrects the order, and I couldn't help but think that the State is required to defend and prosecute so many appeals. Do you really want that to be the rule, where there's, isn't there a little uncertainty as to what then would constitute the time? Your Honor, in this case, under the narrow statutory language, the people's application for re-hearing, the people's application for appeal, that's the language that this Court has before it. I would argue that, no, it wouldn't wreak havoc with appeals and with timing for appeals. We've got a very specific language that the General Assembly placed in Section 10-13a, that provided that any order rescinding, altering, or amending a prior decision shall have the same force and effect as that original order. Most laws don't have that. So you would have, if absent this language, I would agree with AT&T that a minor correction of a clerical error wouldn't have the restart, wouldn't restart the time for filing an application for a hearing. But because the language in Section 10-113a is so clear and unambiguous and provides for no substantive reason to have a clerical error, it's not just a matter of having substantive versus clerical error judgments that it has to be given effect as written. That said ---- And you're saying the same effect means that it starts the time again as to appeal time? That's right, Your Honor. Section 10-13 provides that within 30 days of service of any order, the parties may apply for hearing. And if you give the corrected order the same force and effect, then that September 7th service starts the time for filing the application for a hearing. But that said, electronic filing at the Commission has been going on for eight years. And the prevalent practice there is to use electronic filing and to file electronically after 5 p.m. And I'll get to all of the reasons why that is the rule and it should be upheld. So I think my point is because the e-filing is so important to all the parties that appear before the Commission, we'd ask this Court to reach that issue. And for the reasons that I will describe to find in our favor ---- I mean, I don't think there's much dispute that at least if you look at the course of conduct, everybody was looking at the October 2nd date. Is that right? Your Honors, yes. We were ---- had been electronically filing after 5 p.m. on its due date throughout the course of those two years of the litigation. And AT&T never raised any issue that that was improper or challenged the Commission's decision to rule on each of the filings that we had after 5 p.m. So we were proceeding with the original order in mind. Does that have any significance? No, Your Honor. The interpretation of Section 10-13A would be a statutory construction. And so whether the parties, you know, wanted to get their rehearing applications in within 30 days of the original order or within 30 days of the corrected order, it's irrelevant to the force and effect that the law gives to that correct order. But it does have some significance, doesn't it, as to whether or not that under your scenario that the corrected order starts everything afterwards. I mean, would that void out the October 2nd filing because there was a corrected order? Much like a notice of appeal might be premature if there was a post-trial motion filed. You know where I'm going there. I do, Your Honor. And I would say no. I don't think there's a force and effect to that corrected order, same as the original order. I think the parties properly may file rehearing applications from within 30 days of either of those dates without losing jurisdiction. So it doesn't say, Section 10-13 does not say that that corrected order supersedes that order. It simply says it shall be given the same force and effect. And then file with respect to the October 2nd filing, and then there's a corrected order, and now you file something. That corrected order may have changed something with respect to the first filing. Could you have two motions then going against two orders that have the same force and effect? I think that, yes, I think that that could happen. And that is not problematic? I don't think so, Your Honor. I think the emphasis has to be on protecting the right to an appeal. And here, the people's right to review of the Commission's orders was denied. And that is, that was wrong. And the interpretation of either Section 10-13A or the Commission's rules on electronic filing do not justify that the punishment, really, that the people had for using the more efficient, less cumbersome e-filing system versus putting it with automatic receipt versus putting it into the mail with receipt several days later by the parties and the Commission. Ms. Potts, is there an example you could give us where the jurisdictional requirement is less severe, as you're recommending? A single date, a single time? No, I think this is the most severe, cutting off an appellate right, because we used the system that the Commission... No, I'm talking about you're asking us to use both dates, the corrected date and the original time stamp date as a jurisdictional requirement for filing. Is there another example where you could use either? There's a Supreme Court rule, 303, I believe, AD, that talks about if you've got a timely post-judgment motion pending and you take a premature appeal, you're protected. You've protected your appellate rights, regardless of whether the court has rehearing and enters a new order, you've secured your appellate jurisdiction. So in that example, I think is what you're asking for? Well, you don't have a timely motion pending when you did this. We did, Your Honor, because it was filed within the requisite 30 days of the original order, and it was certainly filed within the requisite 30 days of the corrected order. That is if we don't see your 534 date as a time date. We needed it. In that instance, I think the clear language of 1013 applies, and the service of the September 7th order starts the 30-day clock, and we are entitled to file an application for a hearing up until, I think it's October 10th. So October 2nd filing was clearly timely. Your Honors, I think it's important to recognize that nearly 10 years ago, the Electronic Commerce Security Act, the General Assembly enacted this act to encourage and protect the use of electronic commerce in Illinois. And the central purpose of this act was to facilitate the electronic filing with state agencies, such as the Commission. And the mandate of... No question, Ms. Potts, but how do we get around the plain reading of the statute that says, received and accepted by the chief clerk for purposes of meeting filing deadlines? And I want to just look at received and accepted. I mean, how can an agency receive and accept at a time when they're closed? Your Honor, turning to the specific regulation, 200-1040B, I think it's important to recognize that this is not a specific regulation. That entire regulation, read with subsection A, provides for the chance for the clerk to review the document for completeness. And it actually says that the filing of electronic document is effective upon acceptance of the complete document, and if applicable, any required original paper verification or affidavit pages by the chief clerk of the Commission. Any required verification or affidavit pages, whether they be in electronic format or paper version, must be received and accepted by the chief clerk for purposes of meeting filing deadlines, unless otherwise specified by the Commission or the hearing examiner. Here, Your Honor, says the first point, the hearing examiner specifically found that the people's application was filed at October 2nd. So even if it was in incomplete form, which it was certainly in complete form, we've got, we've met the meeting the filing deadline language of subsection D of 200-1040. Going to the first sentence, it doesn't say that a document is not filed until reviewed for completeness. I want to go back so I understand the facts. Unless otherwise specified by the Commission, there wasn't a specific specification here by the Commissioner, was there? There was just no objection at the time. It's either Commission or hearing officer, and in fact, we did have a specific finding from the hearing officer that it was filed on October 2nd. So the hearing officer did specify otherwise. If you were to read this regulation as AT&T is asking this court to, but I'd urge this court not to do that. Can I ask a couple of questions about the meaning of receipt by the chief clerk? It bothered me when I read the briefs because I had no idea what that meant. Did that mean that this one person could be the only person who could receive it and he could choose to receive it or not receive it at any time he wished? If that day he stayed to 530 and just wanted to do something, because he was the chief clerk, he could have properly received it, but if unlike the day before when he left early and wasn't there, he couldn't receive it and it couldn't be received that day? Do we actually run into those kinds of problems with that statute? Definitely. If you interpret the Commission's rules as tying a filing deadline to the clerk's personal acceptance of a document, that would be a violation. If you're creating a whole host of problems that your Honor has recognized, a document that comes in at 4.59 p.m. is not going to be reviewed for completeness that day. But if the clerk were to stay late, a document that comes in at 5.34 on another day may in fact be reviewed and be deemed timely. Your Honors, this interpretation is not justified by the wording of Section B. When a court or an agency intends to have a 5 p.m. deadline, they have a regulation that clearly provides for a 5 p.m. deadline or a regulation that says anything submitted after 5 p.m. is going to be given a next business day filing date. And if you look at AT&T's brief at pages 18 to 20, we see the language that courts use if they want such a rule to be the rule. Here, Section 200.1040 is far from creating a definitive 5 p.m. filing. And if you look at it in total, it just shows and it simply means that e-filing, once ruled effective or complete, it's ready to be ruled upon. It doesn't mean that it was filing, that it was filed. And I would also point this Court to the language of 10-13 that doesn't even talk about the filing of a rehearing application. It talks about applying for a rehearing. And it's undisputed that the people applied for a rehearing on October 2nd using the system that the Commission has had in effect for eight years and the system that the Commission has itself interpreted as allowing post-5 p.m. filings of documents. There is a minority of courts out there that impose a 5 p.m. deadline. And it's a minority because most courts that have electronic filing recognize that filing over the Internet is available 24 hours a day, seven days a week, unlike courthouses and unlike most post offices. Mrs. Batson? Yes. Something just struck me. Are you making any argument with respect to waiver on the part of the opposing side? I mean, the first time this was raised, wasn't it, was it when it not only when it got to the Appellate Court, but when it got to the Appellate Court 4th District, right, when it was transferred from the 1st? It was never raised in the Commission. Is there any waiver problem there? Your Honor, I think the parties would agree that this case is squarely before this Court as an issue of regulatory interpretation. Does the Commission's regulations mean what AT&T and the Appellate Court said they mean? But I think the agency is entitled to interpret its own regulations. And the fact that in eight years it has never deemed any document e-filed after 5 p.m. to be untimely must weigh against a change that not only affects the people in this case, but would affect all the parties appearing before the Commission and without justification in the law. Your Honors, e-filing provides a certain readily gleanable filing date for papers. Ms. Potts, what about the disclaimer on the receipt? Isn't there a disclaimer that says this electronic files are not officially filed with the Illinois Commerce Commission until reviewed for compliance with Commission rules and accepted by Commission personnel, not necessarily chief, but Commission personnel? Yes, Your Honor. Three points. That is not the language that's used in the Commission's rules. So if there's a discrepancy between a disclaimer on a receipt and the Commission's rules, the Commission's rules prevail. Second, the fact that there is that disclaimer, I would ask this Court to read that in conjunction with the regulation and have it serve as merely a protection for the Commission. Second, I would ask the Commission to bong incomplete filings, to decide if something's incomplete and the parties haven't remedied it, it doesn't have to find that document to be effective. And third, I would point out that the receipt is not given to the parties until after the document is electronically filed. Here there was no argument made, there was people had no reason to file an e-filing. There was no idea that this challenge was going to be mounted to the regular practices of the Commission. Therefore, for all these reasons, Your Honor, on either of the alternative grounds, we'd ask this Court to reverse the appellate court's dismissal and remand for the hearing on the merits of the appeal. Thank you. Good morning. I'm Jim Metropolis of Mayor Brown, appearing on behalf of Illinois Bell Telephone Company, the respondent appellee. May it please the Court, in order to appeal from a Commerce Commission decision, it is a statutory jurisdictional requirement that a party must file a timely application for rehearing with the Commission. It seems to be your position that no filing is effective until the document is accepted by, I guess, the Commission. That is correct, because that is what the rule says. Is it your position, then, that there was a human being there accepting it at 12 a.m. on the 3rd? That is just sort of the administrative practice of the Commission, as you can see from the docket sheet. You use that date in all of your arguments as the effective date of acceptance. That is correct. Doesn't that kind of belie the initial position? No, Your Honor, because it is the practice of the Commission, simply for administrative purposes, if a filing is made during business hours, when the Chief Clerk is there to accept it, and when it can be possibly accepted as the rule requires, then the Commission deems it to have been filed at that time on that date. But if a filing is made after business hours, when the Chief Clerk is indisputably not there to accept it, then the Commission is not required to accept it. As a kind of an electronic convenience, it deems the order to have been accepted at midnight of the following day. It is the date that matters. If the same information had been sent to you by the mail, and there was an affidavit that said that it had been mailed at 534, and you received that document, would that suffer the same timeliness problems that the electronic file would have? No, because there is a separate mailbox rule for mailbox filings, and that is designed to compensate people for the time it takes for a document to cross the state or across distance by mail. Here, with an electronic filing, it is instantaneous. There is no disadvantage. There is nothing to compensate for. It is even faster than a physical filing. If I walked out of here right now and filed something down the street in the Commission's office in Springfield, it would take more time than it would to do an electronic filing, and there is no mailbox rule for personal filings. Is it more akin to personal filing? I would say that it is, because in the case of a personal filing, you are going there, you are getting a stamp from the clerk, and again, you are requiring acceptance by the Chief Clerk. They look at it, they stamp it. With an electronic filing, it is the same thing, because again, it is a faster, it is even faster than physical filing, and they require acceptance by the Chief Clerk as a matter of administrative practice. And what about the disclaimer, it doesn't require Chief Clerk, but accepted by Commission personnel? I think that is just a shorthand for the Chief Clerk's office, you know, the Chief Clerk or his designees working with him. Isn't it kind of a strange result to think that if you are at the last day and the last hour, that you should be discouraged from filing it electronically, which will get it there instantaneously, and even if it is considered the next day, they will have it immediately. So instead of that, you should produce it in hard copy and run down to the post office and mail it before midnight, then you get the extra time. I mean, isn't that kind of a strange result? No, I think it is perfectly rational for the Commission to want filings during business hours, because that way, if there is a problem with your computer, or with the file, or with the Commission's computers, there is somebody there at the Clerk's office to help you out. So that is perfectly rational. Now, what result does it have on attorneys as we practice in front of the Commission? It doesn't discourage us from filing electronically. Filing electronically is great. We love it just as much as they do. All that a deadline does, and we have to have some deadline at some time during the day, all that a deadline does, it doesn't discourage us from filing electronically, it discourages us from filing late. It just means that we as attorneys have to do, have to figure out what we've got to do to get on file on time the way we do every day. Deadlines are a fact of life for attorneys that we deal with all the time. Now, as it happens, if something goes crazy at the very last minute, we've got this nice little backstop of the mailbox rule. But when we practice, we don't think about it that way, like, oh, I'm just going to file by mail because I've got the mailbox rules. I'm going to file by 5 p.m. and get that nice, electronic, cheaper filing that gives me that nice receipt that says I'm on file today, I don't have to worry about whether the mail is going to get through or anything like that. I'm in on file. Counsel? Yes. Why would you have to worry about whether the mail gets through if you've mailed it on time? If you've mailed it and you have an affidavit to that effect? Well, you're always worried about the case of what happens if it got lost in the mail somewhere and it's never retrieved. Now, you could do an affidavit, but then, you know, who knows? You never have, you never want to have those issues come up. How is, and I just thought of this as you were speaking, the problems that you might have with mail? The problems you might have with the mail at the last minute and the problems you might have with the computer overnight, aren't those kind of the same, generically, the same kind of problems? I'm not sure. You mail your letter and it gets misdelivered somewhere. That's a problem with the mailbox rule. Right? That's a potential problem. One of your arguments was in favor of having the strict deadline in e-mail, e-mailing was that you have to be there to see if there's any problems with your computer upon the receipt. And you want the e-filing to happen during the day when there's people around. That's correct. All right. And so, and then basically... I guess all I'm saying is you can have the same kinds of problems with mail that you would have with the e-filing. But if the e-filing occurs during business hours, I know from the commission's computers that it's been received during business hours. I've got the time and I know that it's come in during business hours when the chief clerk was there to accept it. And I know that it's there. And with mail, there's always that uncertainty of, you know, okay, well, I've got to make sure. I hope that gets delivered tomorrow. Is there anything of record that would show the practical effect of what happens with the chief clerk or the clerk in reviewing and receiving the document? For instance, are there any facts and figures that will show that X number of documents attempted to be filed in person with the clerk have been rejected for some reason? There's no statistical data, but if you look at the commission's official electronic docket, which was included in full in our supplemental document, which is our final appendix in this case, you'll see that you'll see the consistent practice. If it comes in during business hours on the day, it's treated as having been accepted and filed that day. And if it's after, then it's midnight. What are some of the reasons for rejecting the filing? Well, in the case of an electronic file? In person. In person, let's say that something wasn't signed. Or let's say that, like, you know, in the case of the court, if your certificate of compliance with the brief page limits wasn't there. That's what you go there to get from the clerk, is that sort of satisfaction of, yes, the clerk was there. They saw it. They saw everything. They go through, and they check everything to be sure that it's all there. And I'm on file. And I got that stamp. And I'm coming back to the office with that stamp. Mr. Metropoulos, if we would agree with, if the court comes out with the same interpretation you would have us agree with, and the ICC doesn't like it, that they could always amend the statute, right? The commission is always free to amend its rules prospectively with the procedures for notice in common, et cetera. Have they already given this court an indication that they disagree with that interpretation by the fact that as Miss Potts says that in eight years this has never come up? Absolutely not, Your Honor. The commission's order denying my opponent's application clearly says that it was filed October 3, which is one day late.    Now, the fact that they haven't denied past filings tells you two things. One, the vast majority of filings at the commission are not statutory. They're not jurisdictional. So it doesn't matter to the parties or to the commission. Second, it tells you when we get to statutory jurisdictional filings, attorneys are doing their job. They understand the rule. They understand the instructions that appear on the commission's website that tell you, hey, receipt is not acceptance.    It's not acceptance. It's not acceptance. It's not acceptance. It's not acceptance. You must get acceptance. And then you get the receipt that comes after you get the filing that tells you, yes, it's been uploaded, but it has to be accepted. You've got to get acceptance. The rule and the website make it very clear, painfully clear, that receipt is not acceptance and acceptance is the key. So attorneys are filing on time. If I can ask a follow-up question. Certainly. It seemed to me that Miss Potts said to us that the practice for eight years in the commission has to never be the same.     I think that's a good point. I think that's a good point. To not invoke this rule, this 5 p.m. rule, if I can call it that, and to receive documents after 5 p.m. Actually, I would say that the practice of the commission is evident from its official records. If a document is filed during business hours, it's considered to have been filed that day. But if it's filed after business hours, it's considered to have been filed the following day. The midnight is just sort of an administrative convenience. And I'll try to ask the question properly.   Has there been an administrative convenience? Has there been an administrative convenience? Has there been another case in which the commission has challenged the filing of a document because it came in after 5 p.m.? There was a case in 2001 involving Rhythm's Links where the commission denied a rehearing application because it was untimely for the very same reasons that we've talked about here. Now, the commission reversed that decision on reconsideration, but as we showed in our brief, that's because, likely, the commission had issued an amendatory order in the interim that was specifically styled as an amendatory order that changed the party's legal rights and changed the deadline for compliance with that order. And, therefore, the clock had started again. There was a new order. And, again, I'll try to ask another question. Are there cases in which you did, in fact, receive the document after 5 p.m. and never challenged it? Not in the case of a statutory jurisdictional requirement. We've just never run across it. Our opponents either just don't bother to appeal from the denial of the application for rehearing or, when they do, they know enough to get it in on time. Any waiver problem here? Absolutely not, Your Honor. The commission's rules didn't give us an opportunity to respond to my opponent's application in the first place. Second, subject matter of jurisdiction, and that's what this is, cannot be waived. And, third, we had nothing to complain about. The commission's official records agreed with us that the filing date was October 3. The commission's order denying rehearing said October 3. We agreed. We had nothing to appeal from. We had nothing to tell them. But, counsel, isn't the October 3 date something that the computer just kicks out as opposed to someone actually making that determination? That is based, no, it's based on the plain language of the rule, which says that there has to be acceptance by the chief clerk, and, necessarily, the chief clerk cannot possibly accept a document outside of business hours. So, once we get outside of business hours, the computer applies the plain language of the rule, just in the ordinary course of business, and says, that's the next day filing. How do we know that it was 534? Was that on the computer somewhere? That is established in the receipt that accompanied my opponent's application, in which it clearly also contained the disclaimer that Justice Garland pointed out, that said, this has been uploaded to the commission, it's been received by us, but it has not officially filed. For whatever it means, this e-document was, and I'll use the word received in a broader sense than you are, was received on the date in question, October 2, and was not filed until October 3. That is correct. Received electronically. I'm confused about the time stamp. Is 12 a.m. the 2nd, or is 12 in 1201 the 3rd? I'm not sure how that works. I think it's just kind of an electronic thing that is used as a shorthand for saying October 3, and what's the soonest possible date. Wasn't it infrequently resolved in favor of the city? No, because the date is what covers it. But the time was 12 a.m. Again, that could just as well mean midnight of the following day. But the date given is October 3, and that's dispositive. Can we talk about this corrected order for just a minute? Absolutely. My understanding is the order was 123 pages. Yes. Right? Is it your position that this is not even a corrected order? It's the same order taking out a couple words in the heading? That's correct. And you'll note that that's what the Commission said. The Commission did not say there was a corrected order, an amended order, a revised order, a new order, a modified order. It said a corrected copy of the same order that it had served on August 31, and it gave it the exact same date. And that's because nothing in the order changed. No party's substantive legal rights were affected by one bit. There was not one change in any factual finding, in any legal conclusion, in any ordering paragraph. All that was changed was three words deleted from a descriptive heading so that it would match the cover and the signature page. Do you agree that we need to address that issue before we address the e-filing? I think it's proper to address them in the order you indicated just because what they're saying is well, look, October 2, October 3 doesn't matter anyways because of our argument about the corrected order which the Commission said was a corrected copy. I want to give you a chance, though. If indeed the Court disagrees that this is not the same order and somehow is corrected and agrees with Ms. Potts that even if there's non-substantive changes it's corrected, do you have an argument with respect to the starting of the filing deadline? Or is it all based on this not being a corrected order? It is based on it not being a corrected order just as the Commission said. But I also want to point out that's based also on the language of the statute and on the case law. By statute, the same opponent the same statute that my opponents cite Section 10-113 a new order would require notice and a hearing to the public utility affected Illinois Bell. My client did not get notice or a hearing and no one would suggest that there should have been for that kind of a typographical correction that didn't affect any party's legal rights. And in the Commission, as you pointed out not no one not even my opponents thought that the Commission had issued a new order or a corrected order. Everyone tried to file for re-hearing on or before October 2 not the October 10 deadline that would apply if my opponents were right. Moreover, this Court has held that non-substantive changes to an order after re-hearing do not create a new order and they do not start a new re-hearing cycle. If, as my opponents contend any change, however trivial was a new order we'd have to start the whole cycle all over again and the Court order would then, the Court would never reach the result it did in those cases like Harrisonville Telephone or Continental Air Transport. Mr. Mitropoulos I would like to go back to 200.1040 for a moment. Certainly. I thought your argument was going to be that the filing of an electronic document is effective upon acceptance of the complete document and then the additional language document must be received and accepted by the Chief Clerk for purposes of meeting the filing deadline. However, I think implicit in your argument was it really doesn't matter whether that happens because if it's filed at 459 and the clerk's gone home it meets the requirements. But if it's filed at 501 and the clerk is there, it doesn't meet the requirements. Well, first off, the hypothetical that you mentioned isn't presented by this case because it was clearly filed after business hours. Putting that aside, I think that since the rule requires the Chief Clerk to be there at 5 p.m. and to be conducting his duties his or her duties then if a document is received on time, it is deemed to be accepted on time unless the clerk finds some kind of problem with it. I think that's just a function of the rule requires the Commission's clerk to be there so we have to assume that they will accept the document as long as it's good. But if they're not there, they're not on business hours, they can't accept the document. Well, if they're not there during business hours and they don't do anything, under your argument, does it still meet the requirements because the computer will indicate that it was timely filed? That would be a separate case. Somebody should be in the clerk's office, either the Chief Clerk herself or one of their personnel that would assist them and be their designated person to carry out their duties. Do they have to do anything? They would, you know, well in practice they do do things as we found, you know, when I file documents at the Commission, I get calls within minutes from the clerk's office if they have any kind of question or problem with the filing. Did you mean to really file that confidential thing, that confidential document as part of the public record? Or did you know that this verification page wasn't there? So, I mean, that's another benefit for filing during business hours and that's why the Commission encourages it with the rule. If the Commission's clerk is there to help you. But you could, according to your position, I think you said earlier, please correct me, that if you filed it at 730 a.m., it's not a problem? If I filed it on the due date, that would be correct. Yes. And even though the clerk's not there because their office hours are 830 to 5, right? Well, because the clerk would be there on time to review and accept the document once they got in. The acceptance would occur at 830 or sometime shortly thereafter, but it would still be on the due date and so it would still be good. It's when you get in after business hours and acceptance can occur until the following day. Is acceptance separately noted on these documents from filing? Acceptance is indicated by both the chief clerk's official log docket sheet, which says the filing occurred on October 3, and it is indicated by the commission's order on rehearing, which states the filing occurred October 3. I'm talking about when this is generated. When an electronic filing occurs, does it show filed on whatever time it is and then a different time for acceptance or are they simultaneous? No, there is a different date for acceptance if it occurs outside of business hours. But if it's during business hours it's deemed simultaneous? So long as there is no problem with the filing. Now there's usually a time lag during business hours. If I file something at say 330 and the clerk's office calls me and says, wait a second, there's a problem with that filing, I might have to withdraw the filing and they'll do that. Then you'll see the time for receipt and acceptance be sometime a little bit later. Suppose it's on the last day of filing and the clerk finds a problem, so it is not filed. By the time you go back to the office and you get the necessary signatures it's now the next day. What has happened in those situations? We have no record of it actually having occurred in any particular instance, but under the plain language of the rule, review and acceptance by the chief clerk is a prerequisite to a filing becoming effective. It's the plain language of the rule that we're resting on. And the fact that there aren't reported cases tells you that attorneys like me and like my opponent are very careful about deadlines when they're statutory and jurisdictional. The receipt also says that it's not officially filed. You're on notice then. It's not officially filed until the Commerce Commission reviews for compliance with Commission rules and accepted by the Commission personnel. That's correct. So just because you press a button on your computer for filing doesn't mean it's filed. That's correct. It has to be reviewed. That's correct. And the disclaimer tells you that after you file and the instruction guide on the website tells you before you file, look, the fact that something's been received by us does not guarantee that it will be accepted. The Commission's rules clearly distinguish between review, receipt, and acceptance. As Justice Thomas pointed out at the beginning during my opponent's argument, it calls received and accepted. It's two different things. Thank you, Counsel. You're welcome. Counsel, you may proceed. Thank you, Your Honor. Just a few points in rebuttal. Ms. Potts? Yes. Before you get to those few points. We talked a lot about the fact that nothing's been this hasn't occurred in eight years. How do you address Mr. Metropolis's argument that the Commission's already indicated how they interpret this rule because it was stamped, filed October 3rd? I absolutely disagree, Your Honor. Or the docket statement, whatever.  the e-docket says that the people's application for a hearing was accepted at 12 And as Justice Freeman pointed out, there's no way the clerk was there at 12 a.m. looking at the people's document. What that date and timestamp mean, it's generated automatically by the computer. The Commission's reference to that date on its order, which ruled on the people's application as timely filed, has no jurisdictional significance. First of all, the Commission was unaware that there would be any dispute that the people's application was timely filed. So it never had the opportunity to interpret its own regulations. But its interpretation, but that silence, even below is works to the people's favor, Your Honor. Why isn't it as simple as we see in banking all the time. Any deposits made after 3 p.m. will be recorded the following business day. Why isn't that the same here? Are we focusing too much on this 12 a.m.? Aren't they just saying you missed the 5 o'clock, now it is filed the next day? Absolutely not, Your Honor. No, absolutely not. The Commission did not make any determination that the people's application was filed untimely on October 3rd. What the Commission's order does is it addresses the rehearing on the merits, denies the rehearing, and references the date given automatically by the system on eDocket. eDocket's purpose is not to preserve jurisdictional filing dates. eDocket's purpose is to allow the public to see what's been happening at the Commission. It would be unfair to say that after the fact, the people's application for rehearing was untimely filed when that was never in front of the Commission. Are we then precluded from deciding the question because the Congress Commission hasn't had an opportunity to interpret its own rules? Absolutely not, Your Honor. As I said, it's an issue of regulatory interpretation. This Court would look at the regulation, and if it said on its face that electronic filing after 5 p.m. is given the next business day filing date, then I think AT&T would have a case. But the Commission's rules don't say that. And the Commission has never interpreted its rules as having such a deadline. We saw one instance in the entirety of e-filing where the Commission considered an application for rehearing filed at 5.58 p.m. to be untimely and struck the application for rehearing. The party immediately moved for an emergency motion to reinstate that application for rehearing, citing as reasons all the reasons why electronic filing should be given the same time. The Commission has never looked at electronic filings under Illinois law and under the Commission's rules, and the Commission changed its mind. 2001, seven years ago, and the parties have been filing electronically after 5 p.m. ever since then, and the Commission has never gone back and said that any of those are untimely. Its position as to its rules is clear, Your Honors, given its practices and given the absence of any clear intent that this 5 p.m. deadline be given to electronic filings. And that is consistent with Illinois law. In the Electronic Commerce Security Act, the General Assembly said you cannot disadvantage electronic filing over paper filing. And yet, in this case, the people's application for a hearing, which was instantaneously received by the Commission and all the parties at 534 p.m., is deemed jurisdictionally incomplete and not filed, while it protects if the people had gone to paper filing. Such a punishment for choosing electronic filing, when that was clearly the intent of the General Assembly when it passed the Electronic Commerce Security Act and the intent of the Commission in enacting and having electronic filing, cannot stand. And I'd also point this Court to the Commission's rules that say these rules cannot be interpreted to abrogate any rights of the parties protected under the law. Your Honors, the people have a right to appeal the Commission's decision, which addressed a very important consumer issue of whether its telecommunication services for the entire Chicagoland area should be deemed competitive. And we submit, Your Honors, that the Appellate Court's dismissal of our appeal was unjustified under the law and under the Commission's regulations and its own policies. Ms. Potts? Yes. Over here to your left. Is the re-hearing deadline, does that flow from a statute? Your Honor, it does. And that's an important point. Is there anything in the statutory basis for the  authority to impose the acceptance if it's actually something different than just the filing of the document? No, Your Honor. Is there any authority in any statute that gives the Commission the right to impose the second tier of this acceptance mechanism? I would submit no, Your Honor. Certainly in Section 10-13a, all that is required is that the parties within 30 days apply for re-hearing. That's it. There's nothing about complete acceptance. There's nothing about being effective. It's apply within 30 days and you've protected your appellate rights. Your Honor, the people have done that in this case. And it makes no sense to say for paper filings that aren't even complete, that are received days after the 30th day runs, that those are timely filed and yet the people submitted the day that it was due using the October 2nd date was untimely filed. AT&T below could have moved to strike the people's application for re-hearing if it believed it was untimely. It didn't do so and the Commission therefore never had the opportunity to have any sort of say or make any sort of finding as to what its regulations and what the law provides the people's filing date should be. And Your Honor, my final point is that AT&T makes much a do about... Remand the Commission? I don't think it's necessary, Your Honor. I think the Commission's position is plain. Certainly if they disagree with this Court, they have the power to provide a 5 p.m. deadline. They don't have that. And they've never interpreted their regulations as having that. But if that was what they wanted to do, they would be free to do that. I'd point out that their silence in this case does speak. The people are appealing the Commission's decision in favor of AT&T. So the Commission and AT&T are aligned and the Commission has as much interest in having its underlying order affirmed either by a court or as a matter of law because the people are precluded from seeking review of that. But the Commission wouldn't say, you know, a buzzer wouldn't go off and they'd say, oh, it's October 3rd. You blew the filing deadline. I mean, they would leave it up to the attorneys to assert that, right? Well, I disagree. I think back in 2001, you saw the Commission do exactly that. The buzzer went off and they said, do we interpret our regulations as allowing 5 p.m. after 5 p.m. filing? And they do. And we know that from their ruling in that case and we know it from their position since then. For all these reasons, Your Honor, the Commission ruled on the people's application as timely filed. The appellate court erred in either that it was timely filed because it was filed before 1159 p.m. on its due date or because it was clearly filed within 30 days of the corrected order. We'd ask that remand, should this case be reversed, be to the First District because that's the only court that has jurisdiction over the people's appeal at this point. Thank you, Your Honors. Thank you, Ms. Fox. Case number 105131 will be taken under advisory.